UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAPNA IP CAPITAL LLC,

Plaintiff,

v.

ROOT SCIENCES LLC,

Defendant.

CASE NO. 23-cv-00282-TSZ

**MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS**

**NOTE ON MOTION CALENDAR:**

**JUNE 26, 2024**

## I.    NOTICE OF MOTION

Defendant Root Sciences LLC ("Root") is the moving party for this submission. Please take notice that, upon the accompanying declaration and exhibits submitted in support of this motion, and all prior pleadings and filings, Defendant will move before the Honorable Judge Thomas S. Zilly, for an Order pursuant to LCR 37(a)(1) and LCR 11(c), compelling discovery, imposing sanctions, dismissal of the case and any other further relief as the Court deems proper and just.

## II.    INTRODUCTORY STATEMENT

On February 28, 2023, Plaintiff Capna IP Capital LLC ("Capna") initiated a Complaint against Defendant, alleging patent infringement. On August 2, 2023, Defendant timely answered the Complaint, after several conferrals with Plaintiff. A Stipulated Protective Order was filed on

August 30, 2023, and granted on September 22, 2023. On November 10, 2023, Defendant disclosed their Initial Disclosures to Plaintiff. Plaintiff failed to timely, or in a reasonable time, provide Defendant with Initial Disclosures, after the Stipulated Protective Order was granted. On May 29, 2024, Plaintiff finally produced the last piece of Initial Disclosures, after four months of emails and follow-up emails initiated by Defendant.

Plaintiff has now failed to produce documents for Defendant's First Set of Requests for Production of Documents and Things (hereinafter referred to as the "Request for Production"). On March 28, 2024, Defendant sent the Request for Production via email to Plaintiff, and Defendant's requested responses were due by April 29, 2024, pursuant to FRCP 34. Defendant has conferred with Plaintiff via teleconference several times as detailed below, but Plaintiff has failed to adequately comply with Plaintiff's own promises to produce. Defendant has yet to receive a response to the Request for Production, even after several failed extended deadlines that Plaintiff has provided Defendant.

Further, on April 30, 2024, Defendant sent the First Set of Interrogatories (hereinafter the "Interrogatories") via email to Plaintiff, with a requested receipt deadline of May 30, 2024, pursuant to FRCP 33.

On May 30, 2024, Plaintiff sent an unverified copy of a response to the Interrogatories, referencing documents that have never been provided to Defendant. During a conferral on May 20, 2024, Plaintiff promised to respond and produce documents for the Defendant's Request for Production by May 24, 2024, and to respond to the Interrogatories by the May 30, 2024, deadline, otherwise Plaintiff represented that the Defendant should file a Motion to Compel.

### III. STATEMENT OF FACTS

   **a. Plaintiff has failed to answer the discovery requests despite multiple meet and confers on the issue.**

1. On September 22, 2023, a Stipulated Motion for Protective Order was signed by Judge

1    Thomas S. Zilly. (Dkt. No. 22; Emde Decl. ¶3).

2. On November 10, 2023, Defendant provided initial disclosures to Plaintiff via email. (Exhibit 1; Emde Decl. ¶4).

3. On January 8, 2024, Defendant followed up via email regarding delivery of initial disclosures from Plaintiff. (Exhibit 2, pg. 4; Emde Decl. ¶5).

4. On January 18, 2024, Defendant followed up again via email regarding delivery of initial disclosures from Plaintiff. (Exhibit 2, pg. 3; Emde Decl. ¶6).

5. On January 29, 2024, Plaintiff sent Defendant initial disclosures without any documents, alleging documents would be provided "after execution of an appropriate confidentiality agreement or protective order." (Plaintiff's Initial Disclosures; Exhibit 2, pg. 3). No documents were provided with the initial disclosures. The protective order was signed four months prior to this disclosure. (Dkt. No. 22; Emde Decl. ¶7).

6. On January 31, 2024, Defendant emailed Plaintiff requesting copies of any documents referenced in the Rule 26(a)(1) disclosure and reminding Plaintiff that a protective order was already in place. (Exhibit 2, pgs. 2–3; Emde Decl. ¶8).

7. On January 31, 2024, Plaintiff emailed Defendant confirming the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order would be provided that week. (Exhibit 3, pg. 1; Emde Decl. ¶9).

8. On February 14, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 6, pg. 1; Emde Decl. ¶10).

9. On March 28, 2024, Defendant provided a first request for production of documents and things via email to Plaintiff. (Exhibit 4, pg. 34; Exhibit 5; Emde Decl. ¶11).

10. On April 18, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 2, pgs. 1–2; Emde Decl. ¶12).

11. April 29, 2024, was the deadline for Defendant's Request for Production. No documents were provided. (Exhibit 5; Emde Decl. ¶13).

12. On April 30, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 2, pg. 1; Emde Decl. ¶14).

13. On April 30, 2024, Defendant emailed Plaintiff inquiring about the delinquent Request for Production and followed up on the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 4, pgs. 29–31; Emde Decl. ¶15).

14. On May 2, 2024, Defendant emailed Plaintiff inquiring about the delinquent request for production and followed up on the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 4, pgs. 27–28). Further, per LCR 37, Defendant requested a conferral call to discuss the production of initial disclosures and discovery. (Exhibit 4, pgs. 27–28; Emde Decl. ¶16).

15. On May 3, 2024, Defendant and Plaintiff conferred via teleconference discussing the delinquent discovery with at least Mark Emde from the Defendant's side and at least Joseph Zito from the Plaintiff's side present. Plaintiff promised documents by end of day on Monday, May 6, 2024. No documents were produced. (Exhibit 4, pgs. 21–22; Emde Decl. ¶17).

16. On May 7, 2024, Defendant emailed Plaintiff inquiring about the delinquent Request for Production and the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order that were promised to be delivered on May 6, 2024. (Exhibit 4, pgs. 18–20; Emde Decl. ¶18).

17. On May 8, 2024, Defendant followed up via email requesting a status of delivery of the Request for Production and the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. Defendant also

requested availability for a conferral to discuss a motion to compel. (Exhibit 4, pgs. 17–18; Emde Decl. ¶19).

18. On May 8, 2024, Plaintiff informed Defendant that the status of the requested documents was "almost completed." (Exhibit 4, pgs. 16–17; Emde Decl. ¶20).

19. On May 9, 2024, Plaintiff provided a link for the location of documents. (Exhibit 4, pgs. 15–16; Emde Decl. ¶21).

20. On May 13, 2024, Defendant emailed Plaintiff, informing them that the documents provided were not a complete list of those required. Specifically, the following:

    a. Response in accordance with FRCP 34;

    b. Initial Disclosures - Documents relating to the Plaintiff's structure and operations;

    c. Initial Disclosures - Documents relating to the accused infringement; and

    d. Most of the items from the Request for Production, as a majority of the items have not been provided.

    Further, Defendant provided a deadline of end of day on May 14, 2024, to provide the documents, otherwise a motion to compel, requesting sanctions, would be filed and to provide times on May 15th or 16th for a meet and confer to discuss Plaintiff's position. (Exhibit 4, pgs. 12–14; Emde Decl. ¶22).

21. On May 16, 2024, Defendant followed up via email regarding the delinquent documents. Further, Defendant requested availability on Monday, May 20, 2024, for a conferral. (Exhibit 4, pgs. 10–11; Emde Decl. ¶23).

22. On May 20, 2024, Defendant and Plaintiff conferred via teleconference, with at least Mark Emde from the Defendant's side and at least Joseph Zito from the Plaintiff's side present. Counsel discussed the delinquent documents, timelines, and Plaintiff's position on a motion to compel. The following was specifically discussed and/or agreed upon:

    a. Defendant has not received a Rule 26 Certificate of Service for the Initial Disclosure documents that were finally disclosed from our requests starting in

January 2024 for initial disclosures that were eventually disclosed on May 9, 2024;

    b. Defendant has not received a Rule 34 Certificate of Service or Response to the Request for Production that was due April 29, 2024;

    c. Defendant has not received any documents responsive to the Request for Production, other than those provided for Initial Disclosures;

    d. Plaintiff's position on a Motion to Compel, where Plaintiff disclosed that Defendant should file the motion if Defendant does not receive documents from Plaintiff by Friday, May 24, 2024, and no objection was voiced by Plaintiff.

    e. That Plaintiff would provide all of the above on Friday, May 24, 2024. (Emde Decl. ¶24)

23. On May 28, 2024, Defendant followed up via email informing Plaintiff that no response or documents were provided by the May 24, 2024, timeframe that was promised. A summary of the topics discussed during the conferral was also provided. (Exhibit 4, pg. 6; Emde Decl. ¶25).

24. On May 29, 2024, Plaintiff responded to the May 28th email informing Defendant that documents and responses were provided and responses to the May 20th conferral would be provided. (Exhibit 4, pgs. 5–6; Emde Decl. ¶26).

25. On May 29, 2024, Defendant responded to Plaintiff, informing them that no new documents were provided since the May 20, 2024, conferral, no communication was provided in response to lack of document production, no certificate of service was provided for the initial disclosures link, and that the Request for Production has still not been provided or responded to by Plaintiff. (Exhibit 4, pgs. 4–5; Emde Decl. ¶27).

26. On May 29, 2024, Plaintiff provided a supplemental Rule 26 Disclosure that merely stated that the Rule 26 Initial Disclosures documents were produced on May 9, 2024. (Exhibit 4, pg. 4; Emde Decl. ¶28).

27. On May 30, 2024, Plaintiff provided unverified answers to Defendant's first set of

interrogatories request as required pursuant to FRCP 33. (Exhibit 4, pg. 3; Emde Decl. ¶29).

28. On May 31, 2024, Defendant followed up with Plaintiff informing them that the unverified interrogatory responses cited documents that have never been produced. No response has been received regarding the missing documents. (Exhibit 4, pg. 1; Emde Decl. ¶30).

## IV.    RELIEF REQUESTED

### a. Discovery sanctions are appropriate based on the Plaintiff's multiple and ongoing violations.

WDWA LCR 37(a)(1) states:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference. If the court finds that counsel for any party, or a party proceeding pro se, willfully refused to confer, failed to confer in good faith, or failed to respond on a timely basis to a request to confer, the court may take action as stated in LCR 11 of these rules.

WDWA LCR 11(c) states:

> Failure of an attorney for any party to appear at a pretrial conference or to complete the necessary preparations therefor, or to appear or be prepared for trial on the date assigned, may be considered an abandonment or failure to prosecute or defend diligently, and judgment may be entered against that party either with respect to a specific issue or the entire case.
> An attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal Procedure, these rules, or an order of the court, or who presents to the court unnecessary motions or unwarranted opposition to motions, or who fails to prepare for presentation to the court, or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate.

Rule 37 sanctions must be applied diligently both "'to penalize those whose conduct may be

1  deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in

2  the absence of such a deterrent.'" (*Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980)

3  (*quoting NHL v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976))). Such sanctions include an

4  order dismissing the action or proceeding or any part thereof. (Fed. R. Civ. P. 37(b)(2)(A)(v)).

5  Also, monetary sanctions under Rule 37(b)(2)(C) may be imposed against a party, its counsel, or

6  both. (*See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015)).

7  In lieu of or in addition to non-monetary sanctions listed in FRCP 37(b)(2)(A)(i)–(vii), "the

8  court must order the disobedient party, the attorney advising that party, or both to pay the

9  reasonable expenses, including attorney's fees, caused by the failure, unless the failure was

10  substantially justified or other circumstances make an award of expenses unjust." (Fed. R. Civ. P.

11  37(b)(2)(C)). The failure to comply with a court order to provide or permit discovery may result

12  in striking of pleadings, dismissal, or entry of default. (Fed. R. Civ. P. 37(b)(2)(A)(iii)–(iv)).

13  Pursuant to FRCP 41(b), the district court may dismiss an action for failure to comply with any

14  order of the court. (*Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019);

15  *Nelson v. Schultz*, 878 F.3d 236 (7th Cir. 2017)). These sanctions are reserved for "'extreme

16  circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'"

17  (*Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002); *see also United States v.*

18  *$11,071,188.64 in U.S. Currency*, 825 F.3d 365, 369 (8th Cir. 2016); *Comstock v. UPS Ground*

19  *Freight, Inc.*, 775 F.3d 990, 992 (8th Cir. 2014); *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221

20  (3d Cir. 2003)).

21  Pursuant to LCR 37, movant has in good faith conferred or attempted to confer with the person

22  or party failing to make disclosure or discovery in an effort to resolve the dispute without court

23  action. Conferrals took place via teleconference with the date and participants to the conference

24  listed above. Plaintiff has engaged in a pattern of repeated failures to comply with discovery rules

25  and procedures and has failed to complete the necessary preparations to allow Defendant to move

26  forward with their trial preparation by not providing the necessary documents and responses sought

out or requested by Defendant, even after countless attempts by Defendant to work with Plaintiff to remedy the Plaintiff's failures. Defendant has incurred unnecessary costs and lost unbilled time to their client based on Plaintiff's behavior, relentless and usually unanswered follow-up communications, and failure to comply with discovery rules and procedures.

Defendant requests that the Court find Plaintiff to have failed to prosecute or defend diligently and enter a judgement with respect to this specific issue, or the entire case. No just cause has been provided in the failure to comply with the Federal Rules of Civil Procedure or the Local Rules. Plaintiff has multiplied and obstructed this proceeding. In addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, Defendant requests Plaintiff be required by the court to satisfy personally such excess costs and find them to be subject to such other sanctions as the Court may deem appropriate.

Pursuant to LCR 37(a)(1), LCR 11(c), and the Federal Rules of Civil Procedure, Defendant respectfully requests an Order compelling discovery, imposing sanctions, dismissal of the case and any other further relief as the Court deems proper and just.

## V.    CONCLUSION

Defendant respectfully requests that the Court grant their Motion to Compel Discovery and Request for Sanctions.

1

DATED: June 5, 2024                    s/Mark G. Emde
                                       Attorneys for Defendant Sciences LLC
2                                      BLOCK45 LEGAL LLC
                                       Mark Emde
3                                      WSBA #58961
                                       Block45 Legal
4                                      5608 17th Ave. NW, Suite 1684
                                       Seattle, WA 98107
5                                      720-307-2729
                                       Mark.emde@block45legal.com
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

## CERTIFICATE OF SERVICE

2    The undersigned certifies that, on June 5, 2024, I served a Motion to Compel, Mark Emde

3    Declaration, and Exhibits 1–6 on all counsel and/or pro se parties of record electronically or by

4    another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

5

6                                                    s/Mark G. Emde

7                                                    Mark G. Emde

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**ORDER**

2      Based on the Defendant's Motion to Compel Discovery and Request for Sanctions with

3  Supporting Declaration and Exhibits, Plaintiff's Response, and Defendant's Reply, the Court

4  having reviewed the pleadings and file herein, it is

5

6      HEREBY ORDERED that the Defendant's Motion to Compel Discovery, Request for

7  Sanctions, and Dismissal of the Case is GRANTED.

8

9      DATED:_____

10

11

           _____

           The Honorable Judge Thomas S. Zilly

12          United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION TO COMPEL
CASE NUMBER 23-CV-00282-TSZ - 12