The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAPNA IP CAPITAL LLC,

    Plaintiff,

v.

ROOT SCIENCES LLC,

    Defendant.

CASE NO. 23-cv-00282-TSZ

**DECLARATION OF MARK EMDE IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

1. I am the attorney representing the Defendant in this action, Root Sciences LLC.
2. I am competent, have personal knowledge of the matters set forth below, and will so testify if called upon to do so.
3. On September 22, 2023, a Stipulated Motion for Protective Order was signed by Judge Thomas S. Zilly. (Dkt. No. 22).
4. On November 10, 2023, Defendant provided initial disclosures to Plaintiff via email. (Exhibit 1).
5. On January 8th, 2024, Defendant followed up via email regarding delivery of initial disclosures from Plaintiff. (Exhibit 2, pg. 4).
6. On January 18th, 2024, Defendant followed up again via email regarding delivery of initial disclosures from Plaintiff. (Exhibit 2, pg. 3).
7. On January 29th, 2024, Plaintiff sent Defendant initial disclosures without any documents,

alleging documents would be provided "after execution of an appropriate confidentiality agreement or protective order." (Plaintiff's Initial Disclosures; Exhibit 2, pg. 3). No documents were provided with the initial disclosures. The protective order was signed four months prior to this disclosure. (Dkt. No. 22).

8. On January 31st, 2024, Defendant emailed Plaintiff requesting copies of any documents referenced in the Rule 26(a)(1) disclosure and reminding Plaintiff that a protective order was already in place. (Exhibit 2, pgs. 2–3).

9. On January 31st, 2024, Plaintiff emailed Defendant confirming the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order would be provided that week. (Exhibit 3, pg. 1).

10. On February 14th, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 6, pg. 1)

11. On March 28th, 2024, Defendant provided a first request for production of documents and things via email to Plaintiff. (Exhibit 4, pg. 34; Exhibit 5)

12. On April 18th, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 2, pgs. 1–2).

13. April 29th, 2024, was the deadline for Defendant's first request for production of documents. No documents were provided. (Exhibit 5).

14. On April 30th, 2024, Defendant followed up via email requesting the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 2, pg. 1).

15. On April 30th, 2024, Defendant emailed Plaintiff inquiring about the delinquent request for production and followed up on the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 4, pgs.

29–31).

16. On May 2nd, 2024, Defendant emailed Plaintiff inquiring about the delinquent request for production and followed up on the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. (Exhibit 4, pgs. 27–28). Further, per LCR 37, Defendant requested a conferral call to discuss the production of initial disclosures and discovery. (Exhibit 4, pgs. 27–28).

17. On May 3rd, 2024, Defendant and Plaintiff conferred via teleconference discussing the delinquent discovery with at least Mark Emde from the Defendant's side and at least Joseph Zito from the Plaintiff's side present. Plaintiff promised documents by end of day on Monday, May 6th, 2024. No documents were produced. (Exhibit 4, pgs. 21–22).

18. On May 7th, 2024, Defendant emailed Plaintiff inquiring about the delinquent request for production and the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order that were promised to be delivered on May 6th, 2024. (Exhibit 4, pgs. 18–20).

19. On May 8th, 2024, Defendant followed up via email requesting a status of delivery of the request for production and the request for the documents listed in the Rule 26(a)(1) disclosure and the documents allegedly covered by the protective order. Defendant also requested availability for a conferral to discuss a motion to compel. (Exhibit 4, pgs. 17–18).

20. On May 8th, 2024, Plaintiff informed Defendant that the status of the requested documents was "almost completed." (Exhibit 4, pgs. 16–17).

21. On May 9th, 2024, Plaintiff provided a link for the location of documents. (Exhibit 4, pgs. 15–16).

22. On May 13th, 2024, Defendant emailed Plaintiff, informing them that the documents provided were not a complete list of those required. Specifically, the following:
    a. Response in accordance with rule 34

DECLARATION OF MARK EMDE
CASE NUMBER 23-CV-00282-TSZ - 3

b. Initial Disclosures - Documents relating to the Plaintiff's structure and operations.

   c. Initial Disclosures - Documents relating to the accused infringement.

   d. Most of the items from the first set of request for production, as a majority of the items have not been provided.

Further, Defendant provided a deadline of end of day on May 14th, 2024, to provide the documents, otherwise a motion to compel, requesting sanctions, would be filed and to provide times on May 15th or 16th for a meet and confer to discuss Plaintiff's position. (Exhibit 4, pgs. 12–14).

23. On May 16th, 2024, Defendant followed up via email regarding the delinquent documents. Further, Defendant requested availability on Monday, May 20th, 2024, for a conferral. (Exhibit 4, pgs. 10–11).

24. On May 20th, 2024, Defendant and Plaintiff conferred via teleconference, with at least Mark Emde from the Defendant's side and at least Joseph Zito from the Plaintiff's side present. Counsel discussed the delinquent documents, timelines, and Plaintiff's position on a motion to compel. The following was specifically discussed/agreed upon:

   a. We have not received a Rule 26 Certificate of Service for the Initial Disclosure documents that were finally disclosed from our requests starting in January 2024 for initial disclosures that were eventually disclosed on May 9th, 2024.

   b. We have not received a Rule 34 Certificate of Service or Response for the Request for Production that was due April 29th, 2024.

   c. We have not received any documents in our Request for Production, other than those provided for Initial Disclosures.

   d. Your position on a Motion to Compel, where you disclosed that we should file the motion if we do not receive documents from you by Friday, May 24th, 2024, and no objection was voiced.

   e. That you would provide all of the above on Friday, May 24th, 2024.

DECLARATION OF MARK EMDE
CASE NUMBER 23-CV-00282-TSZ - 4

25. On May 28th, 2024, Defendant followed up via email informing Plaintiff that no response or documents were provided by the May 24th, 2024, timeframe that was promised. A summary of the topics discussed during the conferral were provided. (Exhibit 4, pg. 6).

26. On May 29th, 2024, Plaintiff responded to the May 28th email informing Defendant that documents and responses were provided and responses to the May 20th conferral would be provided. (Exhibit 4, pgs. 5–6).

27. On May 29th, 2024, Defendant responded to Plaintiff, informing them that no new documents were provided since the May 20th, 2024 conferral, no communication was provided in response to lack of document production, no certificate of service was provided for the initial disclosures link, and that the request for production of documents and things has still not been provided or responded to. (Exhibit 4, pgs. 4–5).

28. On May 29th, 2024, Plaintiff provided a supplemental Rule 26 Disclosure that merely stated that the Rule 26 Initial Disclosures documents were produced on May 9, 2024. (Exhibit 4, pg. 4).

29. On May 30th, 2024, Plaintiff provided unverified answers to Defendant's first set of interrogatories request. (Exhibit 4, pg. 3).

30. On May 31st, 2024, Defendant followed up with Plaintiff informing them that the unverified responses cited documents that have never been produced. No response has been received regarding the missing documents. (Exhibit 4, pg. 1).

31. A true and correct copy of the email exchange between Defendant's attorney and Plaintiff's attorney, dated November 10th, 2023, is attached hereto as Exhibit 1.

32. A true and correct copy of the email exchange between Defendant's attorney and Plaintiff's attorney, dated January 8th, 2024, to April 30th, 2024, is attached hereto as Exhibit 2.

33. A true and correct copy of the email exchange between Defendant's attorney and Plaintiff's attorney, dated January 8th, 2024, to March 1st, 2024, is attached hereto as Exhibit 3.

34. A true and correct copy of the email exchange between Defendant's attorney and Plaintiff's

1. attorney, dated March 28th, 2024, to May 31st, 2024, is attached hereto as Exhibit 4.
2. 35. A true and correct copy of Defendant's Discovery requests is attached hereto as Exhibit 5.
3. 36. A true and correct copy of the email exchange between Defendant's attorney and Plaintiff's attorney, dated January 8th, 2024, to February 14th, 2024, is attached hereto as Exhibit 6.
4. 37. I certify, as the movant, that we have in a good faith effort, conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF WASHINGTON THAT THE FOREGOING IS TRUE AND CORRECT.

Executed this 5th day of June 2024.

DECLARATION OF MARK EMDE
CASE NUMBER 23-CV-00282-TSZ - 6

| | | |
|---|---|---|
| 1 | | |
| 2 | DATED: June 5th, 2024 | s/Mark G. Emde |
| | | Attorneys for Defendant Sciences LLC |
| 3 | | BLOCK45 LEGAL LLC |
| | | Mark Emde |
| 4 | | WSBA #58961 |
| | | Block45 Legal |
| 5 | | 5608 17th Ave. NW, Suite 1684 |
| | | Seattle, WA 98107 |
| 6 | | 720-307-2729 |
| | | Mark.emde@block45legal.com |