UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAPNA IP CAPITAL LLC,<br><br>        Plaintiff,<br><br>v.<br><br>ROOT SCIENCES LLC,<br><br>        Defendant. | CASE NO. 23-cv-00282-TSZ<br><br>**MOTION TO COMPEL DISCOVERY AND REQUEST FOR SANCTIONS** |

**EXHIBIT 5**

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CAPNA IP CAPITAL LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ROOT SCIENCES LLC,<br><br>　　　　Defendant. | CASE NO. 23-cv-00282-TSZ<br><br>**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION** |

## <u>DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Root Sciences hereby requests that Plaintiff produce for inspection and copying, at the offices of Defendant's counsel, Block45 Legal LLC, 700 17th St., Suite 1550, Denver, CO 80202, within thirty (30)

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 1

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

days, the documents and things requested below. Electronically stored information should be produced in a format compliant with the Local Rules and Federal Rules of Civil Procedure.

## I. DEFINITIONS AND INSTRUCTIONS

As used herein, the following definitions apply:

1. **Plaintiff** means Capna IP Capital LLC's ("Capna"), the plaintiff in this action, and its owners, officers, directors, agents, servants, employees, in-house and outside attorneys, accountants, consultants, predecessors in interest, corporate parents, affiliates, subsidiaries, or other persons or entities acting on its behalf.

2. **Defendant** means Root Sciences LLC ("Root"), the defendant in this action, as well as its past or present owners, officers, directors, agents, servants, employees, in-house and outside attorneys, accountants, consultants, corporate parents, affiliates, subsidiaries, or other persons or entities acting on its behalf.

3. **Communications** shall mean any exchange or transfer of information whether written, oral, graphic, electronic, or in any other form, including metadata.

4. **Document** encompasses documents or electronically stored information within the meaning of Fed. R. Civ. P. 34(a)(1)(A) and all responsive objects and things of every kind and nature, including, but not limited to prototypes, models and specimens. A draft or non-identical copy is a separate document within the meaning of this term.

5. **Identify (with respect to persons)** means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

6. **Identify (with respect to documents)** means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s),

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 2

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

7. **Person** means any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

8. **Concerning** means relating to, referring to, describing, evidencing or constituting.

9. **All/Any/Each** shall each be construed as encompassing any and all.

10. **And/Or** shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

11. **Patents-in-suit or Asserted Patents** means U.S. Patent No. 10,407, 507 ("the '407 Patent") and U.S. Patent No. 10,814,248 ("the '248 Patent").

12. **Prior Art** means everything that qualifies as prior art under 35 U. S. C. §§ 102 and 103, including, without limitation, all documents, things, information, knowledge, uses, disclosures, sales, offers for sale or acts that qualify as prior art under §§ 102 and 103.

13. **Representative** includes a party's attorneys and consultants, as well as other individuals or business entities in the employ of or otherwise acting on behalf of a party.

14. **Accused Product** means the product referenced in paragraph 16 of the Complaint.

15. With respect to any document or information for which you claim a privilege, please specify:

(a) the nature of the privilege being claimed (including work product);

(b) the general subject matter of the document or oral communication as to which the privilege is claimed;

(c) the date of the document or oral communication;

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 3

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

(d) the name of the author or person making such communication;

(e) the addressees or recipients of the document or oral communication;

(f) the relationship between the author or person making such communication and the addressees or recipients of the document or oral communication.

16. If it is claimed that only part of a document or oral communication is privileged or otherwise need not be produced, Plaintiff shall identify or produce the remaining part of the document or oral communication.

17. If any document or thing is not produced based on a claim of privilege, or if Plaintiff contends a document or thing is otherwise excludable from discovery, Plaintiff shall describe in writing what is not being produced.

18. Each request for documents seeks production of the document in its entirety, without abbreviation or expurgation, including all attachments or other matters affixed thereto.

19. These requests shall be deemed continuing so as to require further and supplemental production if Plaintiff, or any other person on its behalf, obtains additional information or documents or things responsive to these requests.

20. These requests apply to all responsive documents, information and things in Plaintiff's possession, custody or control. If a request calls for the production of a document or thing not within the custody, possession or control of Plaintiff, please state this fact in the response to these requests, identify and describe the document or thing with particularity, describe all efforts to locate the document, and state the name, address, telephone number and email address of the person or persons having custody, possession or control of the document or thing.

21. In the event that any document or thing called for by these requests has been destroyed, lost, discarded, or otherwise disposed of prior to the responses to these requests, please identify such document or thing as completely as possible, including without limitation

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 4

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

the following: date of disposal, manner of disposal, reason for disposal, person authorizing disposal and person disposing of the document or thing.

22. All documents produced in response to these requests are to be produced as they are kept in the usual course of business.

23. If there are no documents responsive to any particular category, please so state in writing.

24. All electronically stored information (ESI) shall be produced in the format set forth in the Joint Status Report, Dkt. No. 18, or otherwise as established by the Local Rules.

## II. REQUESTS FOR PRODUCTION

1. Documents sufficient to show Plaintiff's organizational and management structure for the time period from conception of the subject matter of the patents-in-suit to the present.

2. All documents identified in or relied upon in Plaintiff's complaint.

3. All documents upon which Plaintiff relies to support its allegations of direct infringement of the patents-in-suit.

4. All documents upon which Plaintiff relies to support its allegations of indirect infringement of the patents-in-suit.

5. All documents upon which Plaintiff relies in support of its allegations that Defendant's alleged indirect infringement of the patents-in-suit has been intentional.

6. All documents upon which Plaintiff relies in support of its allegations that Defendant had knowledge of the patents-in-suit prior to service of Plaintiff's complaint.

7. All documents and things upon which Plaintiff relies in support of its allegations concerning Defendant's alleged infringement.

8. All documents and things upon which Plaintiff relies to support its proposed claim construction for the patents-in-suit.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 5

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

9. All documents concerning the conception, research, design, development, engineering, operation, testing, or reduction to practice of each invention claimed in the patents-in-suit, including, without limitation, notebooks, version control records, prototypes, samples, sketches, engineering drawings, specifications, manuals and instructions in all forms of media.

10. All documents concerning the application for the patents-in-suit or any related patent or application, whether in draft or final form, including all communications with the U.S. Patent and Trademark Office or any other party.

11. All Documents Concerning All U.S. patent applications from which the patents-in-suit claim priority or that relate to or claim priority to the application for the patents-in-suit, including any continuations, divisionals, continuations-in-part, or reexaminations related thereto.

12. All documents concerning all non-U.S. patent applications from which the patents-in-suit claims priority or that relate to or claim priority to the application for the patents-in-suit, including all international PCT (Patent Cooperation Treaty) patent applications and foreign patent applications, including the file histories, all communications, and all correspondence to or from the applicable governmental office(s).

13. All documents that establish Plaintiff's right, title, and interest in and to the patents-in-suit.

14. All assignments or other documents conveying or transferring any rights or interest in, under, or to the patents-in-suit.

15. All documents concerning searches for prior art to the invention(s) disclosed or claimed in the patents-in-suit.

16. All prior art to the patents-in-suit other than the prior art listed in the patent, including prior art known to the inventor(s) and others involved in the prosecution of the patents-in-suit.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 6

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

17. All documents and things concerning the first use of any invention(s) disclosed or claimed in the patents-in-suit.

18. All documents concerning any sale, attempted sale, offer for sale, use, or public use of any invention(s) disclosed or claimed in the patents-in-suit prior to the actual filing date of the application that directly resulted in the patents-in-suit.

19. Documents sufficient to show the date on which any product embodying any claim in the patents-in-suit sold by Plaintiff or by licensees was first disclosed, first offered for sale, and first used.

20. All documents used in or distributed at any conference, seminar, demonstration, sales show, trade show, convention, marketing session, training session, testing, or other presentation, whether public or private, at which any device, apparatus, or process embodying the invention(s) disclosed in the patents-in-suit was disclosed, displayed, demonstrated, promoted, exhibited, or tested.

21. All documents disclosing or describing the invention of any claim of the patents-in-suit before the earliest effective filing date of the patents-in-suit, including any internal invention disclosures.

22. All documents concerning opinion(s) of patentability of the invention(s) claimed in the patents-in-suit.

23. All documents concerning the accused products.

24. All documents concerning Plaintiff's pre-suit investigation of alleged infringement of the patents-in-suit by Defendant.

25. Each sample of the accused products acquired or examined by Plaintiff or any of its representatives prior to the filing of the complaint.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 7

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

26. Documents sufficient to show the date of acquisition by Plaintiff or any of its representatives of each sample of the accused products acquired by Plaintiff or any of its representatives prior to the filing of the complaint.

27. All documents concerning comparison of the accused products to the claims of the patents-in-suit.

28. All documents concerning opinions of counsel, claim charts, notes, memoranda, correspondence, or other documents that in any way characterize, discuss, or describe the scope or validity of the claims of the patents-in-suit.

29. All communications that allege that the accused product infringes the patents-in-suit.

30. Samples of any products covered by the patents-in-suit that have been offered by Plaintiff or by licensees under the patents-in-suit.

31. All documents and things concerning whether the Plaintiff or any predecessor-in-interest to the patents-in-suit complied with the notice and marking requirements of 35 U.S.C. § 287, including without limitation the practices and procedures of the Plaintiff and any licensee under the patents-in-suit to mark products embodying an invention claimed in the patents-in-suit.

32. Documents sufficient to show annual sales of Plaintiff's products covered by the patents-in-suit by monetary value and quantity, the prices at which such products were sold, Plaintiff's profits from such sales and Plaintiff's costs used to calculate such profits.

33. Documents sufficient to show the customers to which Plaintiff has promoted or sold any product covered by the patents-in-suit.

34. All documents concerning any alleged commercial success of any products covered by the patents-in-suit.

35. All documents concerning any alleged long-felt need for any inventions of the patents-in-suit.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 8

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

36. All documents concerning any information that indicates that any of the inventions of the patents-in-suit are non-obvious.

37. Plaintiff's marketing and promotional materials for any products covered by the patents-in-suit.

38. All documents describing, discussing, analyzing or illustrating the market for products covered by the patents-in-suit, including the identity and market share of competing products and Plaintiff's or Defendant's market share.

39. All documents concerning any loss by Plaintiff of sales or market share as a result of the Defendant's alleged infringement of the patents-in-suit.

40. Patent licenses to which Plaintiff is a party relating to directed to a system, machines and methods for cold ethanol extraction and other related extraction methods, such as those including, but not limited to hydrocarbon, lipid-based solvent, and supercritical $CO_2$.

41. All documents concerning licensing of the patents-in-suit, including documents concerning any attempts to license the patents-in-suit.

42. All documents, including patent licenses, upon which Plaintiff relies in support of its calculation of damages based on a reasonable royalty.

43. All documents upon which Plaintiff relies in support of its claim of damages, whether based on lost profits or a reasonable royalty or both.

44. All documents concerning any litigation or legal proceeding in any forum concerning the patents-in-suit, including any petition or proceeding before the Patent Trial and Appeal Board.

45. All documents concerning any investigation, research, and analysis of any product of any third party in connection with potential infringement of the patents-in-suit.

46. All documents concerning notice or other communications from Plaintiff to any third party regarding the existence of the patents-in-suit.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 9

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

1      47. All documents concerning assertions that any third party has infringed the patents-in-suit.

48. All documents concerning any statements by third parties concerning non-infringement of the patents-in-suit.

49. All documents concerning any allegations that any claim of the patents-in-suit is invalid.

50. All documents concerning any allegations that the patents-in-suit is unenforceable.

51. All documents upon which Plaintiff relies in support of its claim of irreparable harm.

52. All documents that Plaintiff intends to or may utilize at trial in this matter.

53. All documents and things upon which Plaintiff intends to rely to establish the level of ordinary skill in the art(s) to which the subject matter of the patents-in-suit pertains.

54. Documents sufficient to show Plaintiff's document retention policy or document destruction policy, including any documents and things concerning such policy for retaining or destroying documents that exist in electronic form.

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 10

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

DATED: March 28th, 2024

s/Mark G. Emde
Attorneys for Root Sciences LLC
BLOCK45 LEGAL LLC
Mark Emde
WSBA #58961
Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729
Mark.emde@block45legal.com

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 11

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729

# CERTIFICATE OF SERVICE

The undersigned certifies that, on March 28th, 2024, I served DEFENDANT'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS AND THINGS on all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

s/Mark G. Emde

Mark G. Emde

DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION
CASE NUMBER 23-CV-00282-TSZ - 12

Block45 Legal
5608 17th Ave. NW, Suite 1684
Seattle, WA 98107
720-307-2729